UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

U.S. BANK NATIONAL ASSOCIATION,
AS TRUSTEE FOR RESIDENTIAL
FUNDING MORTGAGE SECURITIES I,
INC., MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2007-S9,

        Plaintiff,

-vs-                                Case No. 6:13-cv-1948-ORL-22TBS

ROBERT T. POTCHEN A/K/A ROBERT
POTCHEN A/K/A ROBERT THOMAS
POTCHEN, et al.,

        Defendants.
_____/

## ORDER

This mortgage foreclosure action began in April, 2009 in the state court in Seminole County, Florida. (Doc. Nos. 1, 1-3). After proceeding there for 4 years and 8 months, Third-Party Defendant Ocwen Loan Servicing, LLC ("Ocwen") removed this matter on December 19, 2013, after Defendants Robert T. Potchen and Alice Potchen (the "Potchens") filed a Third Party Complaint against Ocwen and GMAC Mortgage, LLC ("GMAC") on December 3, 2013 (Doc. Nos. 1, 3). Ocwen's removal (joined by U.S. Bank National Association) is based on the Fair Debt Collection Practices Act claims asserted by the Potchens in Counts IV and V of their Third Party Complaint. (Id.).

On January 2, 2014, however, the Potchens voluntarily dismissed Counts IV and V of their Third Party Complaint (Doc. No. 13) and filed a Motion to Remand, arguing, without

authority, that their dismissal of the "federal cause(s) are dispositive of the Third Party Defendant Ocwen's Notice of Removal." (Doc. No. 16). Ocwen filed a response to the Motion to Remand arguing that the Potchens' "partial" dismissal is a nullity and the Potchens should not be allowed to forum shop. (Doc. No. 25). The Potchens' Motion to Remand is ripe for this Court's consideration.

The Potchens' argument that their dismissal of their federal causes of action are dispositive and, this Court lacking subject matter jurisdiction, this case "should be remanded back to State Court," is incorrect. "It is black letter law that the critical time for determining subject matter jurisdiction is the date of removal." Brooks v. Equable Ascent Fin., No. 6:13-cv-667-Orl-37DAB, 2013 WL 1830693, *1 (M.D. Fla. May 1, 2013) (citing Leonard v. Enter. Rent A Car, 279 F.3d 967, 972 (11th Cir. 2002)). "Subsequent events, such as the dismissal of claims, do not operate to divest this court of jurisdiction." Id.

This court has original jurisdiction of civil actions arising under the laws of the United States. 28 U.S.C. § 1331. Any civil action brought in the state court of which this Court has original jurisdiction may be removed by a defendant. 28 U.S.C. § 1441(a). At the time of the removal of this case on December 19, 2013, this Court had subject matter jurisdiction due to the claims brought by the Potchens for violations of the Fair Debt Collection Practices Act in Counts IV and V in their Third Party Complaint. (Doc. 3). Further, this Court had supplemental jurisdiction over the other claims of this lawsuit as they formed part of the same case or controversy. 28 U.S.C. § 1367 (a). It was two weeks later that the Potchens dismissed their claims under the Fair Debt Collection Practices Act. Subject matter jurisdiction was thus established at the time of Removal.

Defendant Ocwen argues that the Potchens cannot use Rule 41(a) to dismiss *part* of the claims against a party, citing Brooks, and thus the dismissal of the claims in Count IV and V is "ineffective, not permitted under Rule 41(a), and amounts to a legal nullity." (Doc. No. 25). It is true that "[r]ule 41 allows a plaintiff to dismiss all of his claims against a particular defendant; its text does not permit plaintiffs to pick and choose, dismissing only particular claims within an action." Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1106 (11th Cir. 2004). "'A plaintiff wishing to eliminate particular claims or issues from the action should amend the complaint under Rule 15(a) rather than dismiss under Rule 41(a).'" Id. (quoting 8 Moore's Federal Practice § 41.21[2], at 41-32). However, this Court, like the Court in Brooks, construes the Potchens' Notice of Dismissal (Doc. 13) as a motion to amend their Third Party Complaint under Federal Rule of Civil Procedure 15(a)(2). Similar to Brooks, neither Third Party Defendant[1] in this case has answered the Third Party Complaint and dismissal of the Potchens' federal claims would simplify this action. Accordingly, the Motion to Amend is **GRANTED** and the claims in Counts IV and V of the Third Party Complaint are dismissed.

This Court now has the discretion to decide whether to decline to exercise its supplemental jurisdiction since the claims which established original jurisdiction have been dismissed. 28 U.S.C. § 1367(c)(3). Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 357 (1988) (noting that "a district court has discretion to remand to state court a removed case

---

[1] The Court notes that GMAC filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York in 2012, and is thus currently precluded from proceedings in this action under the protections of the automatic stay of the bankruptcy proceeding. (Doc. No. 33).

involving pendant claims upon a proper determination that retaining jurisdiction over the case would be inappropriate."). Factors this Court must consider in this decision include "the circumstance of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims." City of Chicago v. Int'l College of Surgeons, 522 U.S. 156, 173 (1997). Indeed, "'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" Id., quoting Cohill, 484 U.S at 350.

This case is a mortgage foreclosure action. The Potchens have raised other claims in their Third-Party Complaint, but these claims flow from the underlying action. A mortgage foreclosure action is brought pursuant to Florida Statutes; "[n]o federal statute grants federal jurisdiction over state foreclosure claims." U.S. Bank Nat'l Ass'n v. Story, No. 6:09-cv-77-Orl-28DAB, 2009 WL 485165, at *2 (M.D. Fla. Feb. 25, 2009). The Potchens' claims are under Florida Statutes section 559, the Florida Consumer Collection Practices Act, and a claim of fraud in the inducement. (Doc. 3). These claims are best suited for resolution in the state court.

Further, this case has been pending in state court for almost five years. The state court has spent considerable time and effort in the progress of this case during that time. See Doc. 1-3 (state court docket sheet). The Potchens have also spent a considerable amount of time and effort in the state court proceeding. Id. On the other hand, the Removal of this case was made just over a month ago and the federal claims dismissed within two weeks of the Removal. This Court rejects Ocwen's argument that the Potchens are forum-shopping.

The Court has only reviewed this case for the issues related to the Motion to Remand. Judicial economy is best served by the remand of this case. "[W]hen the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." Cohill, 484 U.S. at 350.[2] The balance of all factors to be considered by this Court, including judicial economy, convenience, fairness, and comity, indicate this case properly belongs in state court.

The Motion to Remand (Doc. 16) is **GRANTED**. The Potchens' request for an award of costs and fees in seeking remand is **DENIED**. This case is remanded to the Circuit Court of the Eighteenth Judicial Circuit, Seminole County, Florida, case number 2009-CA-3089-14-L. The Clerk of the Court is directed to remand this case as set forth above and to then close this file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida this 28 day of January, 2014.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record

---

[2] The Cohill court relies on its decision in Mine Workers v. Gibbs, 383 U.S. 715 (1966) wherein this issue was addressed as to a dismissal of a lawsuit once the federal claims had been dismissed (as remand was not an option in that case). The Cohill court clarifies that "[b]ecause in some circumstances a remand of a removed case involving pendent claims will better accommodate these values than will dismissal of the case, the animating principle behind the pendent jurisdiction doctrine supports giving a district court discretion to remand when the exercise of pendent jurisdiction is appropriate." Cohill at 351.